Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Héctor A. Colón Rodríguez<br><br>Peticionario<br><br>vs.<br><br>Mari Carmen Rodríguez Ruíz<br><br>Recurrido | KLCE202400491 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala de Menores y Familia de Bayamón<br><br>Civil Núm.:<br>D DI2013-2041<br><br>Sobre: Divorcio |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 14 de mayo de 2024.

Comparece ante nos, el señor Héctor A. Colón Rodríguez (Sr. Colón Rodríguez o peticionario), mediante recurso de *Certiorari* en el que solicita la revocación de la "Orden" emitida el 2 de abril de 2024,[1] por el Tribunal de Primera Instancia, Sala de Familia y Menores de Bayamón. Mediante este dictamen, el foro recurrido citó a las partes a una vista argumentativa para discutir varias mociones, específicamente aquellas sobre la paralización y el desacato.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, expedimos el auto de *Certiorari* y confirmamos el dictamen mediante los fundamentos que expondremos a continuación.

### I.

Mediante "Sentencia" emitida el 16 de diciembre de 2015,[2] se declaró roto y disuelto el matrimonio habido entre el Sr. Colón

---

[1] Notificada el 3 de abril de 2024.
[2] Notificada el 22 de diciembre de 2015.

Número Identificador

SEN2024 _____

Rodríguez y la señora Mari Carmen Rodríguez Ruíz (Sra. Rodríguez Ruíz o recurrida). A su vez, se estableció una pensión excónyuge en favor de la Sra. Rodríguez Ruíz.

Así las cosas, el 19 de octubre de 2017, el Sr. Colón Rodríguez presentó una "Solicitud de Revisión de Pensión Excónyuge" y, entre otras cosas, informó que sus ingresos se redujeron en casi un 50%, dado a que sus gastos aumentaron tras contraer nuevas nupcias. Por ello, solicitó se celebrase una vista de revisión con el propósito de que se modifique la pensión excónyuge inicialmente establecida.

Tras varias incidencias procesales, el Tribunal de Primera Instancia celebró una vista a la cual comparecieron ambas partes representadas por sus respectivos abogados. Aquilata la prueba presentada, el 12 de julio de 2018,[3] el foro *a quo* emitió una "Resolución y Orden", y declaró Ha Lugar la "Solicitud de Revisión de Pensión Excónyuge" presentada por el Sr. Colón Rodríguez. De esta forma, se estableció una pensión prospectiva de $1,850.43 mensual, más el pago de la hipoteca hasta que se venda la propiedad ganancial. Vendida la propiedad, la pensión sería modificada a $2,405.84 mensuales.

Posteriormente, el 13 de julio de 2022, el Sr. Colón Rodríguez presentó una "Solicitud de Relevo de Pensión Ex Cónyuge", y peticionó que se dejase sin efecto la pensión excónyuge por existir cambios significativos y extraordinarios en la situación personal y económica de las partes.

Mediante "Réplica a Solicitud de Relevo de Pensión Ex Cónyuge" presentada el 4 de noviembre de 2022, la Sra. Rodríguez Ruíz se opuso a la petición hecha por el peticionario. En esencia, alegó que las necesidades por las cuales se fijó la pensión continúan vigentes, y que el Sr. Colón Rodríguez posee la

---

[3] Reducida a escrito el 23 de julio de 2018, y notificada el 30 de julio de 2018.

capacidad económica para continuar proveyendo el pago de la pensión.

El 15 de mayo de 2023, el Sr. Colón Rodríguez presentó "Solicitud de Sentencia Sumaria" sobre la petición de rebaja de pensión excónyuge. En apretada síntesis, argumentó que la prueba documental evidencia la inexistencia de controversias sobre hechos materiales que impidan la resolución sumaria del pleito. A esos efectos, esgrimió que: (1) los gastos incluidos en la pensión excónyuge han disminuido; (2) la Sra. Rodríguez Ruíz utiliza el dinero para cubrir gastos de su hija mayor de edad, para viajes y para donar $100.00 mensuales a la Iglesia Testigos de Jehová; (3) la recurrida no está incapacitada y, además, trabaja gratuitamente para la Iglesia Testigos de Jehová.

Por su parte, el 8 de junio de 2023, la Sra. Rodríguez Ruíz presentó una "Moción en Cumplimiento de Orden Réplica a Sentencia Sumaria" y, en lo que nos concierne, esbozó que la controversia no puede resolverse por la vía sumaria, ya que persisten controversias sobre hechos materiales. Así, solicitó la celebración de una vista evidenciaria para presentar la prueba correspondiente.

En respuesta, el 27 de junio de 2023, el Sr. Colón Rodríguez presentó su "Réplica y Moción Reiterando Solicitud de Sentencia Sumaria". Básicamente, aseveró que la oposición incumplió con la Regla 36.3 (b) y (c) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3 (b) y (c), y reiteró sus argumentos en cuanto a la inexistencia de hechos materiales en controversia.

Atendidos los escritos presentados por ambas partes, el 20 de octubre de 2023,[4] el Tribunal de Primera Instancia emitió una "Resolución", y declaró No Ha Lugar la "Solicitud de Sentencia Sumaria" presentada por el Sr. Colón Rodríguez. Específicamente,

---

[4] Notificada el 23 de octubre de 2023.

razonó que existen controversias sustanciales sobre hechos relevantes que impiden la resolver el pleito por la vía sumaria.[5] A su vez, determinó que existen elementos de credibilidad que no se pueden dirimir mediante este mecanismo procesal.

Inconforme, el 7 de noviembre de 2023, el Sr. Colón Rodríguez presentó una "Moción de Reconsideración, Hechos Adicionales y Reiterando Solicitud de Sentencia Sumaria" y reiteró que, como cuestión de derecho, procedía dictar sentencia sumaria.

Mediante "Resolución" emitida el 30 de enero de 2024,[6] el foro primario declaró No Ha Lugar la solicitud de reconsideración presentada por el peticionario.

Al día siguiente, entiéndase, el 31 de enero de 2024, la Sra. Rodríguez Ruíz presentó una "Urgente Moción de Desacato". Manifestó que el Sr. Colón Rodríguez adeuda la suma de $6,017.52 por concepto de pensión excónyuge. Por ello, solicitó se le encuentre incurso en desacato y se ordene el saldo total de la deuda.

En atención a ello, el Sr. Colón Rodríguez presentó "Urgente Oposición a Moción de Desacato, Solicitud para que se deje en Suspenso la misma hasta tanto se Celebre el Juicio" y, en lo pertinente, peticionó que se denegase la solicitud de desacato o, en la alternativa, se dejase en suspenso hasta tanto se finalice el descubrimiento de prueba y se celebre vista evidenciaria.

Varios días después, el 16 de febrero de 2024, el Sr. Colón Rodríguez, su esposa, la Sra. Ayala Alicea, y la Sociedad de Gananciales compuesta por ambos, presentaron una reclamación independiente en el caso civil BY2024CV00906. En esta demanda, alegaron que la "Resolución y Orden" del 12 de julio de 2018,[7] la cual modificó la pensión excónyuge a $2,405.84 mensuales, es

---

[5] Determinó que existen 12 hechos en controversia.
[6] Notificada el 1 de febrero de 2024.
[7] Reducida a escrito el 23 de julio de 2018, y notificada el 30 de julio de 2018.

nula *ab initio* por falta de parte indispensable. En términos generales, expusieron que, a pesar de que el pago de la pensión excónyuge disminuye el patrimonio de la Sra. Ayala Alicea y la Sociedad de Gananciales, estos nunca fueron incluidos en el pleito para defender sus intereses. Por entender que estos debían ser incluidos en el caso DDI2014-2041 – donde se está solicitando el relevo de la pensión excónyuge – solicitaron el relevo de sentencia al amparo de la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2.

En vista de lo anterior, el 16 de febrero de 2024, el Sr. Colón Rodríguez presentó una "Urgente Solicitud de Paralización de los Procesos hasta que se Resuelva Acción de Nulidad sobre Resolución de Pensión Ex Cónyuge" en el caso DDI2014-2041, y solicitó al tribunal que tomase conocimiento judicial del caso civil BY2024CV00906. Asimismo, peticionó la paralización de los procedimientos en este caso (DDI2014-2041) hasta que se resuelva la acción independiente de nulidad (BY2024CV00906).

En desacuerdo, el 7 de marzo de 2024, la Sra. Rodríguez Ruíz presentó "Moción en Cumplimiento de Orden y Reiterando Desacato", y sostuvo que, no solo se opone a la paralización del proceso de relevo, sino también a que se utilice como subterfugio una acción independiente para paralizar la obligación al pago de la pensión excónyuge. En otras palabras, enfatizó que la paralización del relevo de pensión no implica la paralización de la obligación de cumplir con el pago de $2,405.84 mensuales. Adicionalmente, reiteró su solicitud de desacato, ya que el Sr. Colón Rodríguez se auto redujo el monto de pensión mensual a $1,200.00, y adeudaba un total de $8,429.20.

Considerando las posiciones de ambas partes, el 2 de abril de 2024,[8] el foro recurrido emitió una "Orden" mediante la cual dispuso lo siguiente:

*1. Se cita a vista argumentativa en cuanto a los efectos de la paralización y el desacato para el 21 de mayo de 2024 a las 9:30 a.m.*

*2. El Sr. Colón [Rodríguez] deberá comparecer por zoom. Restantes partes y representantes legales, presencial.*

(Énfasis en el Original).

Inconforme, el Sr. Colón Rodríguez recurre ante este foro apelativo intermedio, y señala la comisión de los siguientes errores:

*Primer Error:*

*Erró el Tribunal al citar a una vista [argumentativa] para discusión de la solicitud de paralización y además citar para la celebración de vista de desacato el mismo día, convirtiendo en inoficiosa y pro forma la vista argumentativa, y con ello demostrando tener su mente hecha sobre el desacato.*

*Segundo Error:*

*Abusó de su discreción y actuó con pasión, prejuicio y parcialidad contra el demandado al citar la vista de desacato conociendo existía un pleito subjudice que incide sobre dicha solicitud y de declararse nula la sentencia, como cuestión de derecho, no existe desacato alguno que atender.*

## II.

### -A-

El recurso de *Certiorari* es el mecanismo procesal utilizado para revisar aquellas resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone que, como norma general, dicho recurso solo será expedido por este Tribunal de Apelaciones en dos instancias, a saber: (1) cuando se recurra de una resolución u orden bajo las Reglas 56 y 57; o (2) cuando se recurra de la denegatoria de una moción de carácter dispositivo.

No obstante lo anterior, y a modo de excepción, este foro apelativo intermedio podrá revisar órdenes o resoluciones

---

[8] Notificada el 3 de abril de 2024.

interlocutorias dictadas por el foro primario cuando se recurra de lo siguiente: (1) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia; y (5) en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.*

Por su parte, nuestro Alto Foro ha expresado que el auto de *Certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Si bien el auto de *Certiorari* es un vehículo procesal extraordinario de carácter discrecional, al atender el recurso no debemos "hacer abstracción del resto del Derecho". *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 711 (2019). Así, a los fines de ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, imparte que esta segunda instancia judicial tomará en consideración los siguientes criterios al determinar si procede o no la expedición de un auto de *Certiorari*:

> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
>
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
>
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
>
> *(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
>
> *(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

*(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

*(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

Además, resulta pertinente apuntar el hecho de que los tribunales de instancia poseen gran flexibilidad y discreción para lidiar con el manejo diario y la tramitación de los asuntos judiciales. *BPPR v. SLG Gómez-López*, 2023 TSPR 145, citando a *In re Collazo I*, 159 DPR 141, 150 (2003). De esta forma, se les ha reconocido a los jueces el poder y la autoridad suficiente para conducir los asuntos ante su consideración de la forma y manera que su buen juicio les indique. *In re Collazo I, supra*, a la pág. 150. En *Mejías v. Carrasquillo*, 185 DPR 288, 306-307 (2012), nuestro Alto Foro expresó que:

*La deferencia al juicio y a la discreción del foro sentenciador está fundamentada en el principio de que los foros apelativos no pueden pretender conducir ni manejar el trámite ordinario de los casos que se ventilan ante el Tribunal de Primera Instancia. Como es harto sabido, dicho foro es el que mejor conoce las particularidades del caso y quien está en mejor posición para tomar las medidas necesarias que permitan cimentar el curso a trazar y así llegar eventualmente a una disposición final.*

En ese sentido, y como regla general, este Tribunal de Apelaciones no intervendrá en el manejo del caso ante la consideración del foro primario. *VS PR, LLC v. Drift-Wind, Inc.*, 207 DPR 253, 273 (2021). No obstante, la discreción no opera en el vacío, y tampoco implica que los tribunales puedan actuar sin limitación alguna. *BPPR v. SLG Gómez-López, supra.* Por consiguiente, y a modo de excepción, este foro apelativo intervendrá con el ejercicio de la discreción que posee el Tribunal de Primera Instancia, únicamente cuando se demuestre que este último: (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción o (3) se equivocó en interpretar o aplicar

cualquier norma procesal o de derecho sustantivo. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Por ende, si la determinación que toma el Tribunal de Primera Instancia es una revestida de discreción y, a su vez, resulta razonable, nos abstendremos de intervenir con esta. *BPPR v. SLG Gómez-López, supra*. Después de todo, "los foros apelativos no deben pretender administrar ni manejar el trámite regular de los casos ante el foro primario". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434 (2013).

**III.**

Según revela el trámite procesal discutido, la Sra. Rodríguez presentó una moción solicitando se encontrase al peticionario incurso en desacato, por adeudar cierta cantidad de dinero en concepto de pensión excónyuge. Posteriormente, el Sr. Colón Rodríguez solicitó la paralización de los procesos hasta tanto se resuelva el caso civil BY2024CV00906. Ambas partes presentaron sus respectivas oposiciones.

Atendidas sus posturas, el 2 de abril de 2024,[9] el Tribunal de Primera Instancia, dentro de la discreción que posee en el manejo del caso, emitió una "Orden" mediante la cual dispuso lo siguiente:

> *1. Se cita a vista argumentativa en cuanto a los efectos de la paralización y el desacato para el 21 de mayo de 2024 a las 9:30 a.m.*
>
> *2. El Sr. Colón [Rodríguez] deberá comparecer por zoom. Restantes partes y representantes legales, presencial.*

(Énfasis en el Original).

En su recurso, el Sr. Colón Rodríguez cuestiona esta determinación, toda vez que "la actuación del TPI de citar la vista argumentativa y la vista del desacato el mismo día demuestra perjuicio contra el [peticionario] a quien se [le] pretende violar su

---

[9] Notificada el 3 de abril de 2024.

debido proceso de ley".[10] Su contención es que, "el TPI pretende celebrar una vista de desacato sobre un asunto que se está cuestionando jurídicamente".[11] A esos efectos, sostiene que el foro primario conoce la existencia del caso civil BY2024CV00906, "donde existe un cuestionamiento legítimo de nulidad... [por lo que,] resulta un abuso de discreción y un claro perjuicio y parcialidad... el que el TPI pretenda celebrar una vista de desacato en la cual su jurisdicción está siendo cuestionada para ello".[12] Su solicitud es que se deje sin efecto la "Resolución" recurrida, y se ordene "la paralización de los procesos hasta tanto el decreto sobre nulidad sea final, firme e inapelable".[13] Diferimos.

Como ya discutimos, la facultad que posee el foro primario de celebrar una vista argumentativa para discutir las posturas de ambas partes es una determinación impregnada de alto grado de discreción, **por tratarse del manejo procesal del caso**. Tras evaluar la prueba documental que consta en el expediente apelativo, concluimos que el foro primario no actuó con prejuicio, parcialidad, o craso abuso de discreción. En ausencia de estas circunstancias excepcionales, y por entender que la celebración de la vista argumentativa es una determinación **razonable**, nos abstendremos de intervenir con esta.

Enfatizamos que, este foro apelativo no puede manejar el trámite ordinario de los casos que se ventilan ante el Tribunal de Primera Instancia y, en ese sentido, estamos impedidos de intervenir con el ejercicio de discreción que posee el foro primario. Por ende, confirmamos la "Orden" recurrida.

**IV.**

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, expedimos el auto de *Certiorari* y

---

[10] Véase, recurso pág. 7. (Énfasis en el Original).
[11] *Íd*. (Énfasis en el Original).
[12] Véase, recurso pág. 15.
[13] *Íd*. (Énfasis en el Original).

confirmamos la "Orden" recurrida, emitida por el Tribunal de Primera Instancia, Sala de Familia y Menores de Bayamón.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones